■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE BATISTA, Respondent. [650 NYS2d 23] —Appeal by the People from an order of the Supreme Court, Kings County (Gary, J.), dated March 16, 1995, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the Grand Jury proceeding was defective.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the Grand Jury proceeding was defective is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, including a determination of the remaining branches of the defendant's omnibus motion.

The Supreme Court dismissed the indictment based on its conclusion that the People committed errors, including requiring a defense witness to testify under a waiver of immunity and erroneously charging the Grand Jury as to how to evaluate his testimony, which combined to impair the integrity of the Grand Jury proceedings and which may have resulted in prejudice to the defendant (see, People v Batista, 164 Misc 2d 632, 643; see, CPL 210.35). We disagree.

The People had a statutory right to demand that the witness

in question waive immunity *(see,* CPL 190.50 [4]). Further, the Assistant District Attorney's reference to this witness as an "alibi" witness was not improper. The witness claimed to know that the defendant was in his home sleeping at or about the time of the crime, and thus his testimony had no apparent relevance except as it related to the alleged alibi.

There is no merit to the remaining basis for the court's conclusion that the Grand Jury proceeding was impaired. Accordingly, the Supreme Court erred in dismissing the indictment on that ground *(see,* CPL 210.20). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.