■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JIMMY BUXTON, Respondent. [766 NYS2d 49] —Appeal by the People from an order of the Supreme Court, Queens County (Griffin, J.), dated September 12, 2002, which granted the defendant's motion to dismiss the indictment pursuant to CPL 210.35 (5) on the ground that the grand jury proceeding was

rendered defective by virtue of the prosecutor's denial of the defendant's request to have certain witnesses called to testify on his behalf.

Ordered that the order is reversed, on the law and the facts, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The defendant moved to dismiss the indictment on the ground that the grand jury proceeding was rendered defective by virtue of the prosecutor's denial of his request to have certain witnesses called on his behalf. The Supreme Court improperly granted the motion, in light of the fact that the proposed witnesses refused to execute waivers of immunity as a condition of testifying (*see* CPL 190.45 [4]; 190.50 [4]; *People v Batista,* 233 AD2d 457 [1996]). Accordingly, the integrity of the grand jury proceeding was not impaired and there was no prejudice to the defendant (*see* CPL 210.35 [5]). Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.